**WINTERS et al. v. SLOVER et al.**

No. 15287.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 16, 1951.

Rehearing Denied Dec. 14, 1951.

C. T. Gettys and Nolen L. Sewell, both of Decatur, for appellants.

Donald & Donald, of Bowie, for appellees.

RENFRO, Justice.

Suit in trespass to try title to the mineral rights under the east half of a certain described tract of land in Wise County, Texas, was brought by T. J. and G. H. Slover against Jessie L. Winters and wife; G. C. Knox and wife, and John Hancock Mutual Life Insurance Company. Defendants Knox and wife made default. The Hancock Mutual filed a disclaimer and was dismissed from the suit. The defendants Jessie L. Winters and wife answered and upon trial before the court, without a jury, on record evidence, judgment was entered vesting title in appellees, G. H. and T. J. Slover, in the minerals involved.

From said judgment, appellants Winters and wife have appealed on four asserted points of error: (1) The evidence wholly failed to show title to the minerals involved in appellees. (2) The uncontradicted evidence conclusively showed title to the minerals in appellants. (3 and 4) Whatever title appellees may have ever had to the minerals was foreclosed and terminated by foreclosure of an encumbrance antedating the purported reservation of the minerals under which the appellees claim.

V. S. Largent is agreed to be the common source of title. In 1912, he conveyed the property to I. Y. Slover, who assumed

some outstanding vendor's lien notes. I. Y. Slover also executed, as part consideration for the purchase price of the property, three notes in the sum of $811.60 each, payable to Largent. These notes were transferred by Largent to Hancock Mutual, and on July 7, 1913, I. Y. Slover conveyed the property to appellee T. J. Slover, who assumed the payment of the above described notes.

In June, 1915, T. J. Slover executed a vendor's lien note in the sum of $2,500, secured by a deed of trust to Hancock Mutual, in renewal and extension of the above mentioned indebtedness.

On October 25, 1919, T. J. Slover conveyed the land to R. J. Chilton, who assumed the $2,500 indebtedness to Hancock Mutual, and also executed three notes totalling the sum of $1,275, payable to T. J. Slover, as part of the consideration for the purchase price. The vendor T. J. Slover, appellee herein, expressly reserved the minerals in the east one-half of the tract of land conveyed. The deed of trust from T. J. Slover to Hancock Mutual described the tract by metes and bounds and as being the same land described in the warranty deed from V. S. Largent to I. Y. Slover. The warranty deed from T. J. Slover to Chilton described the tract by metes and bounds and referred to it as being the same land conveyed by E. D. Massey to V. S. Largent. On July 3, 1920, Chilton executed a new note to Hancock Mutual in extension of the time of payment of the $2,500 note executed by T. J. Slover in 1915, but did not execute a deed of trust.

On October 11, 1920, T. J. Slover assigned the three notes amounting to $1,275, executed by Chilton and payable to T. J. Slover, to Hancock Mutual and on the same date Chilton executed a note for $1,000 and a deed of trust securing payment of same to Hancock Mutual. In that deed of trust the property was described by metes and bounds and referred to as the same property conveyed by T. J. Slover to Chilton.

On August 15, 1925, Chilton executed a $3,500 note, and a deed of trust securing same, to Hancock Mutual. The above deed of trust recited that it was given in renewal and extension of the vendor's lien note in the sum of $2,500 executed by Chilton on July 3, 1920, and the $1,000 note dated October 11, 1920, executed by Chilton to Hancock Mutual. The instrument recited that the $2,500 note was fully described in the extension agreement executed by Chilton to Hancock Mutual, dated July 3, 1920, and the $1,000 note was the same as described in the deed of trust from Chilton to Hancock Mutual on October 11, 1920.

On March 1, 1927, O. V. Bennett, substitute trustee, conveyed the property to Hancock Mutual for $500; the deed recited that on August 15, 1925, Chilton had executed a note and deed of trust lien upon 165½ acres of land in Wise County, Texas, which was recorded in Vol. 50, page 292, Deed of Trust Records, Wise County, Texas; that Chilton had defaulted in the payments and Hancock Mutual had declared the whole indebtedness due and payable. The deed also recited the death of the original trustee and the appointment of O. V. Bennett as substitute trustee. Then followed a particular description of the land by metes and bounds and reference to the land as being the same conveyed to R. J. Chilton by T. J. Slover and wife, by deed recorded in Vol. 96, page 187, Deed Records of Wise County, Texas.

On November 10, 1938, Hancock Mutual conveyed the land to Knox, the description being the same as in the Substitute Trustee's deed to Hancock Mutual. On February 14, 1947, Knox conveyed the land to appellant Winters; the deed described the property by metes and bounds and as being the same property conveyed by Hancock Mutual to Knox.

On March 6, 1948, and on June 22, 1948, respectively, T. J. Slover executed an oil and gas lease and a royalty deed to appellee G. H. Slover, conveying certain interests in the minerals here involved.

The 1925 deed of trust by Chilton did not describe the land as it was described in the T. J. Slover deed of trust to Hancock Mutual. The T. J. Slover deed of trust

referred to the land as being land described in a general warranty deed from V. S. Largent to I. Y. Slover, which deed included the minerals in question.

The Chilton deed of trust of 1925 to Hancock Mutual referred to the land therein as being the same land conveyed by Slover to Chilton. This very deed shows on its face that T. J. Slover reserved the minerals under the east one-half of the land therein conveyed. Hancock Mutual had notice of this mineral reservation in T. J. Slover for the deed of trust referred to the deed from Slover to Chilton by date, book and page number where recorded in Wise County. When Hancock Mutual accepted the new note and new deed of trust from Chilton in 1925, it knew that Chilton was granting and conveying to Hancock Mutual only the right, title and interest owned by him in the land conveyed. Hancock Mutual knew it was receiving a lien upon only such interest as Chilton had, as reflected by the description in the deed of trust of 1925. That deed of trust showed that Chilton was conveying only the interest he received from T. J. Slover, which was all the surface and minerals less the minerals under the east one-half of the tract therein described.

From this it is evident that Chilton did not convey and did not intend to convey to Hancock Mutual the mineral interest reserved by T. J. Slover. It is also evident that Hancock Mutual did not intend the lien to cover and it did not cover the mineral interest reserved by T. J. Slover. See Stallings v. Slaughter, Tex.Civ.App., 159 S.W.2d 562, error refused, w. m.

Since the deed of trust of 1925 confined the interest in the land to that which was conveyed by T. J. Slover to Chilton, the purpose, intention and effect of the deed of trust of 1925 from Chilton to Hancock Mutual was to exclude the mineral interest in the east half of the tract that had theretofore been retained by T. J. Slover.

Chilton never acquired the mineral interest in the east half of the tract and he could not convey what he did not own.

Richardson v. Levi, 67 Tex. 359, 3 S.W. 444; Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878; Stallings v. Slaughter, supra.

The only manner in which Hancock Mutual and its subsequent purchasers could have acquired the mineral interest of T. J. Slover was through the substitute trustee's sale. Since the deed of trust which was foreclosed did not include the mineral interest reserved by T. J. Slover, it was not conveyed to Hancock Mutual by the substitute trustee and could not have been conveyed to appellants by the subsequent deeds.

Appellants cite Cecil v. Dollar, 147 Tex. 541, 218 S.W.2d 448 and Texas Land & Mortgage Co. v. Cohen, 138 Tex. 464, 159 S.W.2d 859, as authority for their contention that the sale under the substitute trustee's deed foreclosed the mineral rights of appellees. The facts in those cases readily distinguish them from the case under consideration. In each of those cases the original indebtedness was extended and the trustee's deed was made under the terms of the original deed of trust. In this case the sale was not made under the terms of the original deed of trust but was made under the terms of the Chilton 1925 deed of trust. The new note and the new deed of trust were executed by Chilton, who never had, under any theory, any interest in the minerals under the east half of the tract involved.

The instrument executed by Hancock Mutual appointing Bennett substitute trustee showed that he was empowered to carry out the terms of the 1925 deed of trust executed by Chilton, and the substitute trustee's deed to Hancock Mutual reflected that he did sell under said deed of trust.

We conclude, therefore, that the minerals under the east half of the tract described in the 1925 deed of trust were not included in said deed of trust and no lien existed thereon when the substitute trustee's sale was made in 1927.

The judgment of the trial court vesting title in appellees in said mineral interest should be and is hereby affirmed.