## JESSE L. WINTERS ET AL V. G. H. SLOVER ET AL.

No. A-3489. Decided May 7, 1952.
Rehearing overruled November 5, 1952.
(251 S. W., 2d Series, 726.)

*Nolen L. Sewell* and *C. T. Bettys*, both of Decatur, for petitioner.

The Court of Civil Appeals erred in holding that the clause or reference to a former deed placed immediately after a correct particular description of the lands in the Chilton deed of trust showed an intention to exclude the mineral reserve in said Slover deed. Cullers v. Platt, 81 Texas 258, 16 S.W. 1003; Klien

v. Humble Oil & Ref. Co., 126 Texas 450, 86 S.W. 2d 1077; Gulf Production Co. v. Speer, 76 S.W. 2d 558.

*Donald & Donald*, of Bowie, for respondents.

When a grantee did not acquire title to a mineral interest when he purchased the land and the deed of trust could not create a lien on property he did not own, and since his deed of trust did not cover the minerals involved it would not pass title to those reserved by his grantor. Holloway Unknown Heirs v. Whatley, 104 S.W. 2d 646, affirmed; 133 Texas 608, 131 S.W. 2d 89; Fleming v. Miller, 228 S. W. 2d 355.

MR. JUSTICE SMITH delivered the opinion of the Court.

T. J. Slover and G. H. Slover brought suit in trespass to try title to the mineral rights under the east half of a 165½ acres tract of land in Wise County, Texas, against Jesse L. Winters and wife, G. C. Knox and wife, and John Hancock Mutual Life Insurance Company. Defendants G. C. Knox and wife made default. Hancock Mutual filed a disclaimer and was dismissed from the suit. Defendants Jesse L. Winters and wife answered and upon trial before the court, without a jury, on record evidence, judgment was entered vesting title in respondents, G. H. and T. J. Slover, in the minerals involved. The trial court's judgment was affirmed by the Court of Civil Appeals, 244 S.W. 2d 296. This court granted writ of error.

V. S. Largent is the common source of title. In 1912, he conveyed the property to I. Y. Slover who assumed some outstanding vendor's lien notes and also executed three additional notes for the sum of $811.60 each to Largent as additional consideration. Largent transferred these notes to Hancock Mutual. On July 7, 1913, I. Y. Slover conveyed the property to T. J. Slover, one of the respondents herein, who assumed payment of the above described notes.

In June, 1915, T. J. Slover executed a vendor's lien note in the sum of $2,500.00, secured by a deed of trust to Hancock Mutual, in renewal and extension of the above mentioned indebtedness. This deed of trust described the entire tract by metes and bounds and as being the same land conveyed by Largent to I. Y. Slover. The note it secured had as its maturity date November 1, 1920.

In October, 1919, T. J. Slover conveyed the land to R. J.

Chilton who assumed the indebtedness owing to Hancock Mutual and also executed three notes totalling the sum of $1,275.00, payable to T. J. Slover as part of the purchase price. In this deed to Chilton, T. J. Slover expressly reserved the minerals in the east one-half of the tract of land conveyed. On July 3, 1920, Chilton executed a new note extending the time of payment of the $2,500.00 indebtedness to Hancock Mutual.

On October 11, 1920, T. J. Slover assigned the three notes he had received from Chilton to Hancock Mutual. On the same date Chilton executed a note for $1,000 and a deed of trust securing the same to Hancock Mutual. In this deed of trust the property was described by metes and bounds and referred to as the same property conveyed by T. J. Slover to Chilton.

On August 15, 1925, Chilton executed a $3,500.00 note, and a deed of trust securing the same to Hancock Mutual. The contents of this instrument will be referred to later in this opinion.

On March 1, 1927, O. V. Bennett, substitute trustee, conveyed the land described in the deed of trust of 1925 to Hancock Mutual under the power of sale conferred in that deed of trust. The trustee's deed described the property by metes and bounds and then reference was made to the land as being the same land conveyed to R. J. Chilton by T. J. Slover and wife.

Hancock Mutual conveyed the land to Knox in 1938, and petitioner, Winters, purchased the land from Knox in 1947. Knox's deed included a reference to the land conveyed from T. J. Slover to Chilton, and Winters' deed referred to the land described in the trustee's deed.

On March 6, 1948, and on June 22, 1948, respectively, T. J. Slover executed an oil and gas lease and a royalty deed to respondent, G. H. Slover, conveying certain interests in the minerals here involved.

The petitioners present the following points of error:

1. The Court of Civil Appeals erred in holding that the one-half mineral interest retained by T. J. Slover was vested in T. J. Slover and not the petitioners.

2. The Court of Civil Appeals erred in holding that the deed of trust of 1925 was not a renewal and incorporation of the

prior deed of trust, but, on the contrary, was a new deed of trust.

3. The Court of Civil Appeals erred in holding that the general description of the property, referring to the excepted one-half of the minerals, controlled over the specific description of the property by metes and bounds.

**1** After a careful analysis of the deed of trust of 1925, we find no language which clearly expressed an intention that such instrument was a renewal of the former deeds of trust. The fourth paragraph of the deed of trust reads as follows:

"It is especially understood and agreed by all parties hereto that this deed of Trust may be declared void * * * in case the interest which matures on the 1st of November, 1925, secured by Deed of trust (from T. J. Slover to Hancock Mutual) * * * and by extension agreement * * * and in case the interest which matures on the 1st of October, 1925, secured by deed of trust (from Chilton to Hancock Mutual securing $1000 indebtedness) * * * shall not have been paid at maturity and any action taken by the beneficiary under said former deeds of trust and extension agreement shall be evidence of the fact that such payment and interest has not been made." (Parenthesis ours.)

The foregoing paragraph recognizes the right of the mortgagee, Hancock Mutual, to proceed under the former deeds of trust, and precludes any interpretation that the former deeds of trust were incorporated into this instrument.

Petitioners contend that the second paragraph recognizes and requires the incorporation and extension of the former deeds of trust into the new instrument. That paragraph states:

"The hereinafter described note secured by this deed of trust is given in renewal and extension of one vendor's lien note for the sum of two thousand five hundred and 00/100 (2500) Dollars * * * fully described in a certain extension agreement * * * also one vendor's lien note for the sum of one Thousand and 00/100 Dollars, (1000) * * * fully described in a certain deed of trust * * * which said liens are continued in full force and effect at the special instance and request of the said grantors herein, and recognized by them as a first lien on the above described land."

The above paragraph shows no intention to incorporate the

prior deeds of trust, but shows only an intention to extend the express vendor's liens, and perpetuate the superior legal title in the mortgagee to all surface and all mineral rights. This Chilton had a right to do, both under an authorization by statute, Articles 5520, 5522 and their predecessors, Tex. Rev. Civ. Stats. (1925) ; Texas Land & Mortgage Co., Ltd., et al v. Cohen, Tex. Com. App., 138 Texas 464, 159 S.W. 2d 859. Under the authority of that case, Chilton and Hancock Mutual also would have had the right to renew and extend the former deed of trust covering the entire surface and minerals without T. J. Slover's consent. The absence of a provision to such effect shows that this was not done. The renewal of the express vendor's liens was merely to negative any intention on the part of the mortgagee to waive his rights to judicial foreclosure or trespass to try title under the same.

This, in conjunction with the other clauses herein discussed, is conclusive in showing that the new deed of trust covered only the legal title owned by Chilton and was additional security for the new $3,500.00 note which incorporated the prior indebtedness.

2   The petitioners' contention that the specific description of the entire 165½ acres tract should control over the general description which referred to the deed from T. J. Slover to Chilton expressly reserving one-half of the minerals, is answered by the well recognized rule that a general description will not be disregarded where it can be harmonized with a particular description. Scheller et al v. Groesbeck et al, Tex. Com. App., 231 S.W. 1092. The cases cited by the petitioners involve either situations where there was an irreconcilable conflict between the specific and general description, Cullers v. Platt, 81 Texas 258, 16 S.W. 1003; or where principles of protecting the grantor on his warranty require adoption of the specific description, Klein et al v. Humble Oil & Refining Co. et al, 126 Texas 450, 86 S.W. 2d 1077. The parties to the deed of trust executed in 1925 had two methods of excepting one-half of the minerals from the power of sale under the new deed of trust. They could either have expressly made a statement to that effect, or they could refer to the amount of land in a prior deed which had excepted part of the minerals. They chose the latter method. Upon the principle that that is certain which can be made certain, a reference to a former deed is a valid means of describing land. Pierson v. Sanger, 93 Texas 160, 53 S.W. 1012. The limitation to the amount of land covered by the new deed of trust was

sufficiently clear and is binding upon the parties. As said in Slaughter et al v. Qualls, 139 Texas 340, 162 S.W. 2d 671: "A trustee has no power to sell the debtor's property, except such as may be found in the deed of trust, and the powers therein conferred must be strictly construed." Applying the foregoing principle, we hold that the power of sale conferred upon the trustee·under the deed of trust of 1925 was limited to the description of the property contained in that instrument which was a tract of 165½ acres less the mineral interest reserved in the prior deed from T. J. Slover to Chilton. Once it is seen that the deed of trust of 1925 was not a renewal of the former deeds of trust, but was, in fact, a new deed of trust, the reasoning of the Court of Civil Appeals answers the contentions of the petitioners. Chilton could not mortgage more than he owned, Duhig v. Peavy-Moore Lumber Co., 135 Texas 503, 144 S.W. 2d 878; Stallings v. Slaughter et al, 159 S.W. 2d 562, error refused, want of merit.

It is not denied that the mortgagee, Hancock Mutual, had other rights that it did not waive at the time of execution of the new deed of trust, and the exercise of those other rights would have vested in it the entire tract of land including the minerals. The election to foreclose under the new deed of trust must be held to be binding upon Hancock Mutual and its successor in title, the petitioners, herein.

The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered May 7, 1952.

Rehearing overruled November 5, 1952.