**KENDRICK et ux. v. WHITE.**

**No. 2972.**

Court of Civil Appeals of Texas. Eastland.

Nov. 14, 1952.

Rehearing Granted in Part and Denied in Part Dec. 5, 1952.

Motion for Rehearing Denied Jan. 16, 1953.

Scarborough, Yates, Scarborough & Black and Judge Carl P. Hulsey, Abilene, for appellants.

W. I. Gamewell and Coffee & Gilliland, Big Spring, for appellee.

GRISSOM, Chief Justice.

Binie White sued Roy Kendrick and wife in trespass to try title to the minerals in 320 acres of land in Howard County. Upon a trial to the court, judgment was rendered for White and the Kendricks have appealed.

The real controversy is as to the present ownership of half of the minerals in the tract. The determination of that question depends on whether or not Mr. White obtained title to the half of the minerals reserved by the Kendricks in their deed to R. R. Duvall when White purchased said land under a sale by the trustee for The Federal Land Bank by virtue of a deed of trust executed by C. H. Haddock, who purchased from Duvall.

The deed from the Kendricks to Duvall expressly excepted one-half the minerals and reserved a vendor's lien to secure payment of three notes executed by R. R. Duvall to Roy Kendrick; note No. 1 being for $2,502, No. 2 for $500 and No. 3 for $598.

Kendrick assigned notes 2 and 3 and the lien securing their payment to Earl Duvall and he assigned note No. 1 and the vendor's lien securing it to Herman P. Faris and, thereafter, Earl Duvall transferred note No. 2 and a $198 interest in note 3, together with the vendor's lien securing them, to Faris.

On July 5, 1930, R. R. Duvall and wife executed a deed of trust to Harry F. Finks, trustee for Faris, on the 320 acres which he had purchased from the Kendricks. The 320 acres were described as the South Half of Survey 36, Block 25, Certificate 468, Abstract 1359, Patent 39, with reference to the record of the Patent, to which description was added "and being the same land obtained by first party herein by deed from Roy Kendrick and wife, bearing date February 19th, 1930, of record in Book 80, at page 323 of said Deed Record", to which reference was made for a more complete description of the land. Said deed of trust recited that it was given for the purpose of obtaining money from Faris to take up note No. 1 and $690 to apply on notes 2 and 3 executed by Duvall to Kendrick. It recited that the vendor's lien reserved in said deed vested in Faris to secure payment of said notes and that Duvall and wife had executed and delivered to Faris their note for $2,000.

On July 5, 1930, R. R. Duvall and wife executed a deed of trust to Jacob R. Winters for the benefit of Faris on the same land, described in the same manner and with a like reference to the Kendricks' deed to Duvall and its record. It recited that it was given to secure the payment of the same notes and that it was subject to the deed of trust to Finks, and that it was also to secure payment of a note for $504 and one for $1,200 executed by the Duvalls to Faris. Both deeds of trust recited, in addition to a description of the 320 acres as the South Half of Survey 36, Block 25, Certificate 468, Ab-

stract 1359, Patent 39, Vol. 23, bearing date March 10, 1902, of record in Book 24, at a certain page of the deed records of Howard County, that it was "the same land obtained by first party (R. R. Duvall) herein by deed from Roy Kendrick and wife, bearing date February 19th, 1930, of record in Book 80 at page 232 of said Deed Record," and reference was made to the Kendricks' deed to Duvall for a more complete description of the land.

On July 19, 1930, Earl Duvall assigned to the First National Bank of Roscoe a vendor's lien note number 3 executed by Duvall to Kendrick. On February 13, 1934, W. R. King, receiver of said Roscoe Bank, assigned to the Land Bank Commissioner the unpaid balance of $298 owing on said note No. 3. It recited that the receiver sold to the Commissioner all of the right, title and interest held by him in said land by virtue of said note and the lien securing it "insofar only as said lien rests upon and against the lands described in Deed of Trust dated January 18, 1934, executed by C. N. Haddock and wife, * * * to A. C. Williams, Trustee, for the use and benefit of said Commissioner."

On July 25, 1930, Roy Kendrick and wife executed an instrument which recited the sale of the 320 acres by the Kendricks to R. R. Duvall; that the Kendricks reserved an undivided one-half interest in the minerals; that Faris was making a loan to R. R. Duvall on the land conveyed to him by the Kendricks for the purpose of taking up Kendrick's vendor's lien notes and, therefore, the Kendricks "do hereby by these presents, subordinate all of the right, title and interest which we have in and to the above described property and the minerals thereon, thereunder or thereupon situated to the liens securing the said Herman P. Faris as shown in two certain deeds of trust," executed by R. R. Duvall and wife, being the deeds of trust to Fink and Winters for the benefit of Faris, "so that the liens retained in said two deeds of trust, reference to which is here made for better description, shall be prior and superior to any right, title, interest or lien which we have in and to the above described property."

On December 20, 1930, R. R. Duvall and wife executed a deed to the South Half of Section 36, Block 25, H. & T. C. Ry. Co.'s Surveys in Howard County, Texas, to C. N. Haddock. Following such description there was the following recital:

"The above described tract of land is conveyed subject to certain oil and gas leases and mineral reservations."

There was no mineral reservation except Kendricks'. Said deed recited the assumption by Haddock of the unpaid balance of a loan for $3,200, secured by the two deeds of trust executed by the Duvalls to Fink and Winters, and the unpaid balance of vendor's lien number 3 executed by Duvall to Kendrick.

On January 18, 1934, Haddock and wife executed a deed of trust to A. C. Williams, trustee for The Federal Land Bank, on the South Half of Section 36, Abstract 1359, Block 25 of the H. & T. C. Ry. Co.'s Surveys, containing 320 acres, more or less, "and being the same land conveyed to C. N. Haddock by R. R. Duvall, et ux., by deed dated the 12th day of May, 1931, recorded in Vol. 83, page 525, Deed Records of Howard County." It recited that it was to secure the payment of a note payable to The Federal Land Bank for $2,600, executed by the Haddocks in renewal and extension of a superior interest of $2,470 in the three notes executed by R. R. Duvall to Roy Kendrick in the purchase of said 320 acres, and to secure the payment of a note for $1,200 executed by the Duvalls to Faris, secured by the deed of trust to Winters, and that the balance was for money advanced to the Haddocks by the Land Bank to pay for stock incidental to the loan.

On the same day, the Haddocks executed a deed of trust to the Commissioner wherein the land was described in the same manner. It recited that it was to secure a note executed, among other things, in renewal and extension of the unpaid balance of note 3 executed by Duvalls to Roy Kendrick in the purchase of the 320 acres and that it was "secured by and more fully described in a General Warranty Deed from Roy Kendrick, and wife * * * to R. R. Duvall, recorded in Vol. 80, page 323,

Deed Records of Howard County, Texas, *reference to which instrument and the record thereof is here made for all purposes."*

On February 15, 1934, Faris assigned to the Land Bank and Commissioner, the unpaid balance of $3,505 owing on the notes executed by Duvall to Kendrick in the purchase of said 320 acres of land in 1930 and the $1,200 note executed by the Duvalls to Faris in July, 1930, secured by the Duvalls' deed of trust to Winters, and the note for $2,000 given by the Duvalls to Faris and secured by the deed of trust to Fink. Said instrument recited that Faris sold to the Land Bank and Commissioner "all of the right, title and interest now owned and held by Grantor in and to said land by virtue of said note or notes and the lien securing same, in so far only as said lien rests upon and against the land" described in the deed of trust executed by the Haddocks to A. C. Williams, Trustee for said Bank and Commissioner, in January, 1934; "To Have And To Hold * * * the above described note or notes, together with all and singular, the contract lien, vendor's lien, deed of trust lien, rights, equities and interest in said land described in said deed of trust last above mentioned which the Grantor herein has *by virtue of being the legal owner and holder of said note or notes and the lien securing same * * *."* (Italics ours.)

■ Regardless of the effect of the Kendricks' subordination agreement with Faris and the assignment by Faris to the Land Bank and Commissioner, the land was not sold under any deed of trust ever owned by Faris nor under the subordination agreement. The sale was under Haddock's deed of trust to the Land Bank. A trustee has no power to sell except those granted in the deed of trust under which the sale is made and those powers must be strictly con-

strued. Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671, 675; 29 Tex.Jur. 975.

■■ The trustee's deed to White did not convey any greater interest in the 320 acres than Haddock owned when he executed the deed of trust. 29 Tex.Jur. 995, 1002. Haddock never owned the half interest in the minerals reserved by the Kendricks in their deed to Duvall and he could not convey that which he did not own. Winters v. Slover, Tex.Civ.App., 244 S.W.2d 296, 298, affirmed Tex.Sup., 251 S.W.2d 726.

White did not establish title in himself and the judgment should have been that he take nothing. The judgment is reversed and judgment rendered for appellants.

### On Motion for Rehearing

Appellee, Binie White, in his motion for rehearing, raises the question that the effect of the judgment of this court is to award to appellants all the minerals in the South one-half of Section 36, Block 25, H. & T. C. Ry. Co. Surveys in Howard County, Texas, containing 320 acres of land, more or less. The only matter in controversy was the one-half of the minerals reserved by Roy Kendrick and wife in their deed to R. R. Duvall, and it was not the intention of this court to award to Roy Kendrick and wife title to any of the minerals in said land other than said one-half of the minerals so reserved by the Kendricks in their deed to Duvall. Therefore, our judgment of November 14, 1952, is ordered set aside and judgment is now entered affirming the judgment of the trial court insofar as it awards one-half of the minerals in said land to Binie White but reversing and rendering the judgment in favor of Roy Kendrick and wife to one-half of the minerals in said tract.

Appellee Binie White's *motion for re*hearing is granted to said extent, but otherwise it is overruled.