Ritchie PERKINS et al., Appellants,

v.

R. F. KEMP et ux., Appellees.

No. 3121.

Court of Civil Appeals of Texas.

Eastland.

Dec. 17, 1954.

Rehearing Denied Feb. 4, 1955.

John O. Harris, W. Marcus Weatherred, Joe B. Dibrell, Jr., Coleman, for appellants.

H. O. Woodward, Coleman, for appellees.

LONG, Justice.

This is a suit for a declaratory judgment to determine the ownership of one-half the minerals in an 83.4-acre tract of land in Coleman County, Texas. On December 5, 1924, R. F. Kemp and wife sold said land to H. M. Weir and reserved one-half of the minerals therein. On June 6, 1928, Kemp and wife and Weir and wife conveyed to W. B. Duty one-half of the minerals in the land. In the deed from Kemp to Weir there was reserved a vendor's lien to secure the payment of a promissory note payable to D. O. and J. O. Cameron, as independent executors of the estate of W. N. Cameron, deceased. On June 30, 1926, Weir and wife executed a deed of trust covering the land in favor of the Camerons to secure a note for $3,000 due on January

1, 1928. The deed of trust recited that it was a renewal and extension of the note dated December 5, 1924. On June 25, 1932, Weir and wife executed a renewal and extension of said lien and note. On August 1, 1933, the trustee, acting under the powers given him in the deed of trust, conveyed the land to D. G. and J. O. Cameron as independent executors of the estate of W. H. Cameron, deceased. On December 29, 1941, the Camerons, by general warranty deed, conveyed to J. W. Dodgen all the surface of the land and one-half of the minerals, the deed reciting that the other one-half interest in the minerals was reserved by Kemp in his deed to Weir and expressly excluded said one-half interest so reserved from said conveyance. On July 25, 1949, Dodgen conveyed to Perkins all of the surface and one-half of the minerals by general warranty deed. Kemp and wife sued Perkins for a judgment declaring that the Kemps and Perkins each own an undivided one-fourth of the minerals in the 83.4-acre tract of land. Perkins answered by exceptions that Duty and Weir were necessary parties and that the action was barred by the four years statute of limitation which exceptions were overruled, Vernon's Ann.Civ.St. art. 5529. Perkins also alleged that he owned one-half interest in the minerals which was conveyed by Kemp to Weir which came down to Perkins by a regular chain of title through his deed from Dodgen. Perkins impleaded by cross action his warrantor, Dodgen, and his remote warrantor, the Camerons, for judgment against them on their warranties in the event Kemp recovered one-fourth of the minerals from Perkins. The Camerons pleaded the four years statute of limitations and a general denial. Dodgen answered that the one-fourth interest sued for by Kemp was no part of the undivided one-half interest which had been conveyed by Kemp to Weir and by Dodgen to Perkins and that Perkins owned the full undivided one-half interest conveyed to him by Dodgen. Upon a trial before the court without a jury, judgment was rendered that Kemp and wife own one-fourth and Perkins and wife own one-fourth of the minerals in the 83.4 acres of land. Perkins and wife recovered judgment against Dodgen and the Camerons on their warranty for the value of one-fourth of the minerals. Perkins and Dodgen have appealed.

■ The question presented is as to the present ownership of one-half of the minerals in the land. The Kemps contend they are the owners of one-fourth of the minerals and that Perkins is the owner of the other one-fourth. It is the position of appellants that the Kemps own none of the minerals and that the one-half involved is owned by Perkins. The Kemps, in their deed to Weir, reserved one-half of the minerals. Thereafter, Weir and Kemp, joined by thier wives, by a joint deed conveyed one-half of the minerals to Duty. At that time Weir and Kemp each owned one-half of the minerals. They each received one-half of the consideration paid by Duty for the minerals conveyed to him by said deed. They each owned an equal amount of the minerals and they each received an equal amount of the consideration paid therefor. It will be presumed that they each intended to and did convey to Duty an equal amount of the minerals. That is to say, Kemp conveyed an undivided one-fourth and Weir conveyed an undivided one-fourth interest. It is well settled that minerals in place may be severed from the land by an appropriate conveyance. Stephens County v. Mid-Kansas Oil & Gas Co., 113 Tex. 160, 254 S.W. 290. This severance may be made by an exception or reservation in a deed. Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607. The reservation of one-half of the minerals in the deed from Kemp to Weir severed this mineral interest from the remainder of the land. Upon the execution and delivery of this deed, Weir owned the surface and one-half of the minerals and Kemp owned one-half of the minerals. The mineral interest reserved by Kemp at that time was severed from the remainder of the land. The trustee's deed to Cameron did not convey the one-fourth interest of the minerals

involved. When Weir executed the deed of trust in favor of the Camerons he did not own the mineral interest which was reserved by Kemp in his deed to Weir. The trustee could not convey any greater interest in the land than Weir owned when he executed the deed of trust. Weir never owned the one-half interest in the minerals reserved by Kemp in his deed to Weir and he could not convey that which he did not own. Kendrick v. White, Tex.Civ.App., 254 S.W.2d 168 (Writ Ref.); Winters v. Slover, 151 Tex. 485, 251 S.W.2d 726.

■ Appellants complain of the action of the trial court in refusing to require Kemp to make Duty a party to this suit. Before rendering a final judgment, the careful trial court gave all parties an opportunity to make Duty a party. This they failed and refused to do. Kemp was not claiming any of the minerals held by Duty. The only party who might have had any claim thereto was Perkins. Whether he did have a valid claim thereto, we do not pass on here. Perkins having failed and refused to make Duty a party, he cannot complain here of the action of the court in failing to require Kemp to make him a party. Appellants say that the trial court erred in not sustaining their plea of the four years statute of limitation because the action is one for reformation of a deed. We do not understand this to be a suit to reform the deed from Kemp and Weir to Duty. Kemp does not lay any claim to the one-half interest owned by Duty. We believe when the record is properly construed, Kemp is seeking to have the court declare that he is now the owner of one-fourth of the minerals, being part of the minerals reserved in his deed to Weir. This being true, the four years statute of limitation has no application. Under no theory presented can we see how it could be held that Perkins ever acquired the one-fourth of the minerals reserved by Kemp. Kemp did not sell this part of the minerals to Perkins or to anyone else. There are no facts shown which would divest Kemp of his one-fourth interest.

■ The interest in the minerals reserved by Kemp was not covered by the vendor's lien retained in the deed from Kemp to Weir. The title to this interest never vested in Perkins or in any of the parties under whom he claims. The trial court did not err in refusing to give effect to appellant Perkins' plea of estoppel.

■ Appellant Perkins urges that the trial court should have rendered judgment for him against his warrantors for one-fourth of the total consideration paid for the land and one-half the minerals. We cannot agree with this contention. Perkins plead the value of the one-fourth minerals as his damages by reason of the failure of title thereto. He offered evidence on this theory. The evidence was conflicting as to the value of the minerals. The court resolved this conflict and found the value to be $5 per acre. Although the court did not fix the value as high as he could have under the pleadings and evidence, the judgment entered followed the theory advanced in the trial court by appellant Perkins.

■ Appellant Perkins contends the trial court erred in admitting the testimony of Kemp as to the amount of money paid to Kemp and to H. M. Weir for the one-half mineral interest sold to Duty. We find no merit in this point. However, if the evidence admitted should be held objectionable, we must presume, in the absence of a showing to the contrary, that the trial court did not consider any evidence which was inadmissible. We have considered all points of error assigned by appellants and find no merit in any of them.

The judgment of the trial court is affirmed.