**A. E. FOGLE, Appellant,**

v.

**Mary A. COXSEY et vir, Appellees.**

No. 3264.

Court of Civil Appeals of Texas.

Eastland.

Oct. 19, 1956.

Rehearing Denied Nov. 16, 1956.

McMahon, Smart, Walter, Sprin & Wilson, Abilene, for appellant.

Scarborough, Yates, Scarborough & Black, Abilene, for appellees.

GRISSOM, Chief Justice.

A. E. Fogle sued Mary A. Coxsey and husband in trespass to try title to an undivided one-half interest in the minerals in a 120 acre tract of land. Judgment was rendered for defendants and plaintiff has appealed.

In 1906 James A. Wilkinson and wife, the agreed common source of the title, conveyed the 120 acres to their daughter, who became Mary A. Coxsey. In 1920 Mrs. Coxsey and her husband executed a deed of trust thereon to F. W. Gleason, trustee for Pan-American Life Insurance Company, to secure payment of $1,800. On December 1st, 1925, Mrs. Coxsey and her husband executed an extension agreement the effect of which was to recognize the existence of an unpaid balance of $1,260 and provide for its payment with interest in five installments and that Pan-American's said deed of trust lien should secure its payment.

On January 14, 1928, the Coxseys conveyed said 120 acres to C. H. Moore, but excepted therefrom an undivided one-half of the minerals. The consideration recited in the deed was $1,500 cash, one vendors lien note for $1,240 and ten for $200 each and the assumption of the $1,260 balance owed Pan-American by the Coxseys. On March 31, 1928, Pan-American transferred the balance of Coxseys' said note, to wit, $1,260, to the First Trust Joint Stock Land Bank of Dallas and the deed of trust lien securing its payment. On January 14, 1928, the Coxseys' executed an assignment to said Dallas Land Bank of note number one of the eleven notes given to them by C. H. Moore in the purchase of the 120 acres, less one-half the minerals, and provided therein that the lien securing the remaining ten notes should be inferior to the lien securing the note transferred and inferior to the lien securing Moore's $2,-600 note. On February 27, 1928, C. H.

Moore and wife executed a deed of trust to Melvin A. Traylor, trustee for said Dallas Land Bank, on said 120 acres to secure payment of Moore's note to said bank for $2,600. In May, 1928, the Coxseys assigned to Walter J. Taylor the last ten of the eleven notes executed to them by C. H. Moore in the purchase of said 120 acres, less one-half the minerals. In 1929 Walter J. Taylor assigned said notes to J. D. Taylor. On November 30, 1928, said Dallas Land Bank sold and transferred the Moores' $2,600 note and all its interest in the land described in the Moores' deed of trust to the First Trust Joint Stock Land Bank of Chicago. Melvin A. Traylor, the trustee named in said deed of trust, died and Abdon Holt was appointed substitute trustee by the Chicago Land Bank. On September 29, 1934, the Moores conveyed the 120 acres tract, without mentioning the minerals reservation, to J. D. Taylor in consideration of the cancellation of said last ten vendors lien notes executed by Moore to the Coxseys. On October 2, 1934, said substitute trustee sold said 120 acres by virtue of the authority granted by the deed of trust executed by Moore and wife to Melvin A. Traylor, trustee for said Dallas Land Bank, to secure payment of Moore's note to said bank for $2,600. Said substitute executed a trustee's deed to the purchaser, J. D. Taylor, to said 120 acre tract and J. D. Taylor thereafter executed a deed to the same to A. E. Fogle, the plaintiff.

Mr. Fogle's claim to the one-half of the minerals reserved by the Coxseys in their deed to C. H. Moore depends upon the sale under the deed of trust executed by Moore to the Dallas Land Bank. The controlling provision thereof, which follows a metes and bounds description of the 120 acres, is as follows:

"* * * and being the same land described in that certain deed, dated January 14, 1928, executed by Mary A. Coxsey and N. A. Coxsey to C. H. Moore, to be filed for record herewith in the records of deeds of Taylor County, Texas, and the note hereinafter described is secured by a first vendors lien against said land, being given in lieu and in extension of part of the balance due on indebtedness described in said instrument it is expressly agreed that the holder of the note hereinafter described shall be, and it is hereby, subrogated to all the rights of and shall have all the rights and remedies for the collection of the same that the holder of said original notes had, all of which is hereby acknowledged and confessed."

The question to be decided is whether the sale under the Moores' deed of trust passed to the purchaser, J. D. Taylor, who sold to Fogle, the one-half of the minerals excepted by the Coxseys when they sold the remainder of the 120 acres to C. H. Moore. Moore never owned the one-half of the minerals reserved by the Coxseys. Moore could not have given a deed of trust lien thereon unless he was so empowered by Article 5522. Since Moore assumed payment of the balance of $1,260 which the Coxseys owed Pan-American, which was secured by a deed of trust lien on the entire 120 acre tract, including the excepted one-half of the minerals, we shall assume that Moore could have incorporated the Coxseys' deed of trust to Pan-American and the deed of trust lien securing payment of the balance of Coxseys' debt to Pan-American in the deed of trust to Traylor, trustee for the Dallas Land Bank. (See Texas Land & Mortgage Co. v. Cohen, Tex.Com.App., 138 Tex. 464, 159 S.W.2d 859, 862.) The question then is whether this was done. After careful consideration of said deed of trust and, particularly, the part which has been quoted, we have concluded that its language is insufficient to incorporate said Pan-American deed of trust lien therein. Winters v. Slover, 151 Tex. 485, 251 S.W.2d 726, 728. The language used does not purport to do so. The deed of trust referred only to the vendors lien reserved by the Coxseys when

they sold the 120 acres, less one-half of the minerals, to Moore. There was never a vendors lien against the one-half of the minerals excepted by the Coxseys. The reference in said foreclosed deed of trust to a vendors lien meant only the vendors lien against the 120 acres, less the one-half of the minerals excepted by the Coxseys. The land was not sold as a result of foreclosure of a vendors lien, it was sold solely under and by virtue of the deed of trust lien given by Moore to the Dallas Land Bank to secure the payment of the Moores' $2,600 note. The deed of trust under which this land was sold says, in effect, that the Moores' note for $2,600 to the Dallas Land Bank is secured by a vendors lien against the land conveyed by the Coxseys to Moore, "being given in lieu and in extension of part of the balance due on the indebtedness described in" the Coxseys' deed to Moore. Said deed of trust then recites that it was agreed that the holder of the Moores' note to the Dallas Land Bank was subrogated to all the rights and remedies of the holder of the vendors lien notes given by Moore to the Coxseys. No vendors lien was foreclosed. The holder of said vendors lien notes never had a lien on the one-half of the minerals reserved by the Coxseys because said one-half of the minerals had not been sold. The Chicago Land Bank might have sold the Coxseys' one-half interest in the minerals under the authority of the Coxseys' deed of trust to Pan-American but, regardless of whether it could have done so, it did not. The sale did not purport to be made under the authority of Pan-American's deed of trust. The sale being under the Moores' deed of trust and that deed of trust having failed to incorporate therein the only lien existing against the Coxseys' excepted one-half of the minerals the trustee could not convey said one-half of the minerals. The deed of trust foreclosed described the land on which the lien was foreclosed as being the land conveyed to Moore by the Coxseys. The one-half of the minerals in controversy was not conveyed by the Coxseys. McKin-ney v. White, 154 Tex. 610, 281 S.W.2d 327, 329; Kendrick v. White, Tex.Civ.App., 254 S.W.2d 168, 171, Writ Ref. and Perkins v. Kemp, Tex.Civ.App., 274 S.W.2d 892, 897, R.N.R.E.

We have carefully considered the authorities cited by appellant and have concluded that they are not controlling on the fact situation presented. The judgment is affirmed.