MRS. W. J. DUHIG ET AL V. PEAVY-MOORE LUMBER CO., INC.

No. 7501. Decided October 16, 1940.
Rehearing overruled December 18, 1940.
(144 S. W., 2d Series, 878.)

*Strong, Moore & Strong, K. W. Stephenson* and *Oscar C. Dancy, Jr.,* all of Beaumont, for plaintiffs in error.

Where a deed reserved to the grantor a one-half interest in the minerals in and under said tract of land, thereby severing same from the surface right, a subsequent deed by the said vendee could not be construed as conveying all the minerals under said land, because the description in the deed of the term "all that certain tract or parcel of land," did not include the previously reserved one-half mineral interest, and therefore said subsequent reservation of the one-half mineral interest cannot be construed as an exception and as having reference to the previously severed and reserved mineral interest. Buckner v. Keny, 109 S. W. (2d) 361; Sun Oil Co. v. Burns, 125 Texas 549, 84 S. W. (2d) 442; Klein v. Humble Oil & Refining Co. 67 S. W. (2d) 911.

*A. M. Huffman,* of Beaumont, for defendant in error.

*Baker, Botts, Andrews & Wharton, Jesse Andrews, Fulbright, Crooker & Freeman, John H. Freeman, Leon Jaworski,* and *C. A. Leddy,* all of Houston, filed briefs as amici curiae.

MR. JUDGE SMEDLEY of the Commission of Appeals delivered the opinion for the Court.

Through conveyance from the executor of the estate of Alexander Gilmer, deceased, W. J. Duhig became the owner of the Josiah Jordan Survey in Orange County, subject, however, to reservation by the grantor of an undivided one-half interest in the minerals. Thereafter Duhig conveyed the survey to Miller-Link Lumber Company, and in the deed it was agreed and stipulated that the grantor retained an undivided one-half interest in all of the mineral rights or minerals in and on the land. Peavy-Moore Lumber Company became the owner of whatever title and estate Miller-Link Lumber Company acquired by the deed from Duhig in 574 3/8 acres of the said survey.

The suit is by defendant in error, Peavy-Moore Lumber Company, against plaintiffs in error, Mrs. W. J. Duhig and others, who claim under W. J. Duhig, for the title and possession of the 574 3/8 acres in the Jordan Survey. The trial court's judgment was that the plaintiff, Peavy-Moore Lumber Company, recover the title and possession of the land, except all minerals and mineral rights therein, and that as to the minerals and mineral rights, it take nothing against the defendants. On appeal by Peavy-Moore Lumber Company, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of that company. 119 S. W. (2d) 688.

The ownership by Gilmer's estate, and its assignees, of an undivided one-half interest in the minerals in the land through the reservation in the first deed, which was duly recorded, is admitted by the parties. Plaintiffs in error, Mrs. Duhig and others, make no claim of title to the surface estate, but their contention, sustained by the trial court and denied by the Court of Civil Appeals, is that W. J. Duhig, their predecessor, reserved for himself in his conveyance of the land to Miller-Link Lumber Company the remaining undivided one-half interest in the minerals. Defendant in error, Peavy-Moore Lumber Company, takes the position that the deed last referred to did not reserve to or for the grantor such remaining one-half interest in the minerals, but that it in effect excepted only the one-half interest that had theretofore been reserved by Gilmer's estate and invested the grantee with title to the surface estate and an undivided one-half interest in the minerals.

The deed from W. J. Duhig to Miller-Link Lumber Company is a general warranty deed, describing the property conveyed as that certain tract or parcel of land in Orange County, Texas, known as the Josiah Jordan Survey, further identifying

the land by survey and certificate number and giving a description by metes and bounds. After the metes and bounds the following matter of description is added: "* * * and being the same tract of land formerly owned by the Talbot-Duhig Lumber Company, and after the dissolution of said company, conveyed to W. J. Duhig by B. M. Talbot." After the habendum and the clause of general warranty and constituting the last paragraph in the deed, appears the following: "But it is expressly agreed and stipulated that the grantor herein retains an undivided one-half interest in and to all mineral rights or minerals of whatever description in the land."

█ We cannot agree with plaintiffs in error's contention that the granting paragraph of the deed purports to convey only the surface estate and an undivided one-half interest in the minerals. It is our opinion that the statement in the deed, that the land described is the same tract as that formerly owned by Talbot-Duhig Lumber Company and conveyed to Duhig by Talbot, is not intended to define or qualify the estate or interest conveyed but that it is inserted to further identify the tract or area described by metes and bounds. The deed, of course, does not actually convey what the grantor does not own. Richardson v. Levi. 67 Texas 359, 365, 3 S. W. 444. But the granting clause in this deed describes what is conveyed as the tract or parcel of land known as the Jordan Survey. This description includes the minerals, as well as the surface, and thus the granting clause purports to convey both the surface estate and all of the mineral estate. Holloway's Unknown Heirs v. Whatley, 133 Texas 608, 131 S. W. (2d) 89; Schlittler v. Smith, 128 Texas 628, 101 S. W. (2d) 543; Bibb v. Nolan, 6 S. W. (2d) 156 (application for writ of error refused). Likewise the clause of general warranty has reference to "the said premises," meaning the land described in the granting clause, and, but for the last paragraph of the deed retaining an undivided interest in the minerals, would warrant the title to the land including the surface estate and all of the minerals.

█ The writer believes that the judgment of the Court of Civil Appeals should be affirmed for substantially the same reasons as those set out in the opinion of that court, that is, that the language of the deed as a whole does not clearly and plainly disclose the intention of the parties that there be reserved to the grantor Duhig an undivided one-half interest in the minerals in addition to that previously reserved to Gilmer's estate, and that when resort is had to established rules of construction and facts taken into consideration which may properly be

considered, it becomes apparent that the intention of the parties to the deed was to invest the grantee with title to the surface and a one-half interest in the minerals, excepting or withholding from the operation of the conveyance only the one-half interest theretofore reserved in the deed from Gilmer's estate to Duhig. It is the court's opinion, however, that the judgment of the Court of Civil Appeals should be affirmed by the application of a well settled principle of estoppel.

The granting clause of the deed, as has been said, purports to convey to the grantee the land described, that is, the surface estate and all of the mineral estate. The covenant warrants the title to "the said premises." The last paragraph of the deed retains an undivided one-half interest in the minerals. Thus the deed is so written that the general warranty extends to the full fee simple title to the land except an undivided one-half interest in the minerals.

██ The language used in the last paragraph of the deed is that "grantor retains an undivided one-half interest in * * * the minerals." The word "retain" ordinarily means to hold or keep what one already owns. 54 C. J. p. 738; Words & Phrases, Second Series, Vol. 4, p. 371, Fourth Series, Vol. 3, p. 400; Webster's New International Dictionary. If controlling effect is given to the use of the word "retains," it follows that the deed reserved to Duhig an undivided one-half interest in the minerals and that the grantee, Miller-Link Lumber Company, acquired by and through the deed only the surface estate. We assume that the deed should be given this meaning. When the deed is so interpreted the warranty is breached at the very time of the execution and delivery of the deed, for the deed warrants the title to the surface estate and also to an undivided one-half interest in the minerals. The result is that the grantor has breached his warranty, but that he has and holds in virtue of the deed containing the warranty the very interest, one-half of the minerals, required to remedy the breach. Such state of facts at once suggests the rule as to after-acquired title, which is thus stated in American Jurisprudence:

"It is a general rule, supported by many authorities, that a deed purporting to convey a fee simple or a lesser definite estate in land and containing covenants of general warranty of title or of ownership will operate to estop the grantor from asserting an after-acquired title or interest in the land, or the estate which the deed purports to convey, as against the grantee and those claiming under him." Vol. 19, p. 614, Sec. 16. See also Robinson v. Douthit, 64 Texas 101; Baldwin v. Root, 90 Texas 546,

40 S. W. 3; Jacobs v. Robinson, 113 Texas 231, 254 S. W. 309; Caswell v. Llano Oil Company, 120 Texas 139, 36 S. W. (2d) 208; Moore v. Crawford, 130 U. S. 122, 32 L. Ed. 878.

The case last cited quotes from a decision of the Michigan court the following clear statement of the rule and the reasons supporting it:

"When one assumes, by his deed, to convey a title, and by any form of assurance obligates himself to protect the grantee in the enjoyment of that which the deed purports to give him, he will not be suffered afterwards to acquire or assert a title and turn his grantee over to a suit upon his covenants for redress; the short and effectual method of redress is to deny him the liberty of setting up his after-acquired title as against his previous conveyance; that is merely refusing him the countenance and assistance of the courts in breaking the assurance which his covenants had given."

In the instant case Duhig did not acquire title to the one-half interest in the minerals after he executed the deed containing the general warranty, but he retained or reserved it in that deed. Plaintiffs in error, who claim under him, insist that they should be permitted to set up and maintain that title against the suit of defendant in error and to require it to seek redress in a suit for breach of the warranty. What the rule above quoted prohibits is the *assertion* of title in contradiction or breach of the warranty. If such enforcement of the warranty is a fair and effectual remedy in case of after-acquired title, it is, we believe, equally fair and effectual and also appropriate here.

■ We recognize the rule that the covenant of general warranty does not enlarge the title conveyed and does not determine the character of the title. Richardson v. Levi, 67 Texas 359, 365-366, 3 S. W. 444; White v. Frank, 91 Texas 66, 70, 40 S. W. 962. The decision here made assumes, as has been stated, that Duhig by the deed reserved for himself a one-half interest in the minerals. The covenant is not construed as affecting or impairing the title so reserved. It operates as an estoppel denying to the grantor and those claiming under him the right to set up such title against the grantee and those who claim under it.

For the foregoing reasons, the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court, October 16, 1940.

Rehearing overruled December 18, 1940.