11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Gore
Oil Company d/b/a Crego Exploration et al

Appellants

Vs.                   No. 11-03-00167-CV -- Appeal
from Knox County

Steve Roosth, Trustee;
New Horizons Oil & Gas, Ltd.; 

and John D. Procter,
Trustee

 

Appellees

 








The issue in this appeal is whether the grantor=s or the grantee=s
successors-in-interest should bear the burden of outstanding mineral and
nonparticipating royalty interests. Appellees, Steve Roosth, Trustee; New
Horizons Oil & Gas, Ltd.; and John D. Procter, Trustee, are
successors-in-interest to the grantor, Peyton McKnight.  Appellees brought suit against the leasehold
interest owners[1]
and others[2]
after the leasehold interest owners failed to pay appellees the full amount to
which they claimed to be entitled. 
Appellees sought a declaratory judgment as to their proportionate share
of the royalties,[3]
sought damages for conversion, and requested attorneys=
fees.  Appellees contended that the
reservation made by McKnight was in addition to the previous outstanding mineral
and royalty interests.  The defendant
leasehold interest owners contended that the reservation made by McKnight was
reduced by the outstanding mineral and royalty interests.  The parties entered into a stipulation
regarding all of the facts other than attorneys=
fees.  The trial court found in favor of
appellees; entered judgment against the leasehold interest owners for past
royalties in the amount of $271,210.21; awarded prejudgment interest in the
amount of $29,838.14; and awarded attorneys=
fees in the amount of $45,180.12, plus $35,000.00 if the judgment is affirmed
in the court of appeals, plus another $25,000.00 if the judgment is affirmed in
the Texas Supreme Court.  The leasehold
interest owners appeal.  We modify and
affirm.

The leasehold interest owners present five issues
on appeal.  In the first issue, they
complain of the trial court=s
entry of findings of fact based upon stipulated evidence and of the lack of
evidence to support those findings.  In
the second issue, they contend that the trial court erred in construing the
McKnight deed.  In the third issue, the
leasehold interest owners contend that the trial court erred in finding that
they were estopped from denying appellees=
claimed ownership of the royalty interest. 
In the fourth issue, the leasehold interest owners argue that the trial
court erred in attempting to reform the McKnight deed.  In their final issue, the leasehold interest
owners contend that the trial court erred in awarding prejudgment interest.

                                                   Construction
of the McKnight Deed

The McKnight deed, a general warranty deed from
McKnight to Eagle Investment Company, provided in relevant part as follows:

HAVE GRANTED, SOLD AND CONVEYED, and by these
presents do GRANT, SELL AND CONVEY unto the said Grantee all that certain tract
or parcel of land situated in Knox County, Texas, described as follows (AProperty@),
to-wit:  

 

                                                          *     *    
*

 

Grantor unto himself, his heirs and assigns,
reserves free of all liens a full one-eighth (1/8) non-participating royalty
interest in the Property subject to any previously conveyed or reserved mineral
interest as may appear of record in Knox County, Texas. 

 

This conveyance is made and accepted subject to
all restrictions, reservations, covenants, conditions, rights-of-way and
easements now outstanding and of record, if any, in Knox County, Texas,
affecting the above described property.

 








The trial court concluded that the McKnight deed
was ambiguous and that the intent of the parties to the deed was for McKnight
to reserve a full 1/8 royalty interest in the property undiminished by the
outstanding mineral and royalty interests that had previously been conveyed or
reserved.  The trial court also found
that the leasehold interest owners=
predecessors in title had accepted, ratified, and revived appellees= interpretation of the McKnight
reservation because an affidavit in the chain of title placed others on notice
that both the grantor and the grantee in the McKnight deed intended and agreed
that the reserved 1/8 royalty be undiminished by the prior reservations and
conveyances and because the leasehold interest owners=
predecessors had accepted deeds subject to all of the permitted encumbrances
expressly listing both the 1/8 McKnight reservation and the reservations that
were already outstanding at the time of the McKnight reservation.  The trial court concluded further that the
leasehold interest owners are estopped to deny that McKnight reserved an
undiminished 1/8 royalty interest.  

In order to determine if the trial court erred in
its construction of the McKnight deed, we must first determine the appropriate
standard of review.  The first issue we
must address is whether the deed is ambiguous. 
That question is a question of law for the court and, therefore, will be
reviewed de novo.  Reilly v. Rangers
Management, Inc., 727 S.W.2d 527, 529 (Tex.1987); R & P Enterprises
v. LaGuarta, Gavrel & Kirk, Inc., 596 S.W.2d 517, 519 (Tex.1980); see
Barber v. Colorado Inde-pendent School District, 901 S.W.2d 447, 450
(Tex.1995).  Seldom have courts found
deeds to be ambiguous.  See, e.g., J.
Hiram Moore, Ltd. v. Greer, 2004 WL 3019204 (December 31, 2004) (holding a
deed to be ambiguous where one clause Aconveys
nothing@ and
another clause Aconveys
everything@).  








A court=s
primary goal when construing a deed is to ascertain the true intention of the
parties as expressed within the Afour
corners@ of the
instrument.  See Luckel v. White,
819 S.W.2d 459, 461 (Tex.1991).  The four
corners rule requires the court to ascertain the intent of the parties solely
from all of the language in the deed.  Concord
Oil Company v. Pennzoil Exploration and Production Company, 966 S.W.2d 451,
465 (Tex.1998).  The intent that governs,
however, is not the intent that the parties meant but failed to express but,
rather, the intent that is expressed.  Harlan
v. Vetter, 732 S.W.2d 390, 392 (Tex.App. - Eastland 1987, writ ref=d n.r.e.).  If a written instrument, such as a deed, is
worded in such a way that a court may properly give it a certain or definite
legal meaning or interpretation, it is not ambiguous.  R & P Enterprises v. LaGuarta, Gavrel
& Kirk, Inc., supra. 
However, if a written instrument remains reasonably susceptible to more
than one meaning after the established rules of interpretation have been
applied, then the instrument is ambiguous and extrinsic evidence is admissible
to determine the true meaning of the instrument.  R & P Enterprises v. LaGuarta, Gavrel
& Kirk, Inc., supra; see Sun Oil Company (Delaware) v.
Madeley, 626 S.W.2d 726 (Tex.1981); Cherokee Water Company v.
Forderhause, 641 S.W.2d 522, 525 (Tex.1982).

The McKnight deed contains two Asubject to@
clauses.  The leasehold owners correctly
observe that the term Asubject
to@ is a limiting, qualifying term and
that, when used in a mineral deed, means Asubordinate
to,@ Asubservient
to,@ or Alimited
by.@ 
Petty v. Winn Exploration Co., Inc., 816 S.W.2d 432 (Tex.App. -
San Antonio 1991, writ den=d).  The first Asubject
to@ clause reads: 

Grantor unto himself, his heirs and assigns, reserves
free of all liens a full one-eighth (1/8) non-participating royalty interest in
the Property subject to any previously conveyed or reserved mineral interest
as may appear of record in Knox County, Texas. (Emphasis added). 

 

The leasehold owners argue that the Asubject to@
limitation is contained in the reservation clause and not the granting
clause.  The leasehold owners point out
that the grant is a general grant of Aall
that certain tract or parcel of land.@  Consequently, the leasehold owners argue it
is the reservation that is limited by the prior reservations and not the grant.
The Asubject
to@ clause modifies Areserves.@

The leasehold owners would, harmonizing all of the
language of the deed and relying on Duhig v. Peavy-Moore Lumber Co., 144
S.W.2d 878 (Tex.1940), ascertain that the intent of the parties was that the
1/8 nonparticipating royalty interest reserved by McKnight included all
of the other outstanding royalty interests of record.

After applying the Duhig principle to the
first Asubject
to@ clause, the leasehold owners  address the second Asubject
to@ clause which reads:

This conveyance is made and accepted subject to
all restrictions, reservations, covenants, conditions, rights-of-way
and easements now outstanding and of record, if any, in Knox County,
Texas, affecting the above described property. (Emphasis added)

 








The leasehold owners argue that this Asubject to@
clause makes the grant limited by the conveyance to all other reservations of
record after first deducting the outstanding 1/16 royalty interest from
McKnight=s 1/8
royalty interest.[4]  The leasehold owners argue that the second
clause is a Abelt and
suspenders@ type of
language often used by scriveners and should be subjugated to the first clause.

In effect, the leasehold owners argue that the
deed is unambiguous, that the grantor reserved a 1/8 royalty interest, and that
the outstanding 1/16 royalty interest should be deducted from that 1/8 royalty
interest.  The deed conveys a 7/8 royalty
interest and the remaining mineral interest. 

In contrast, appellees argue that one cannot
harmonize the two Asubject
to@ clauses under the leasehold owners= interpretation.  Appellees point out that the second Asubject to@
clause makes the grant subject to Aall...reservations.@ Consequently, the first Asubject to@
clause cannot be read to mean that the 1/8 royalty interest includes the
1/16 royalty interest because the second Asubject
to@ clause clearly reads that the 1/8
royalty interest is in addition to the outstanding 1/16 royalty interest
and all other reservations.   Appellees
find the deed ambiguous.

If not ambiguous, then appellees would have this
court find, as a matter of law, by giving effect to all of the language and
reading the deed as a whole, that the first Asubject
to@ clause modifies the word AProperty,@
the closest word to the clause, and not Areserves.@ 
Property is defined in the granting clause as Aall
that certain tract or parcel of land...described as follows (>Property=).@ 
Therefore, property as used in the reservation clause, which uses the
same capital P, is the same property as used in the granting clause.  McKnight would receive the full 1/8 royalty
interest he intended.  The second Asubject to@
clause makes it clear that the parties intended for McKnight to reserve a full
1/8 royalty interest and to ensure that the reservation was not later
vulnerable to a  Duhig claim. 








We hold that the McKnight deed is reasonably
susceptible to more than one meaning. 
The paragraphs quoted above appear to make both the reservation and the
conveyance Asubject
to@ the prior outstanding conveyances and
reservations.  Clearly, it was not the
intent of the parties to the McKnight deed for both the grantor and the grantee
to bear the full burden of the outstanding 1/16 prior interests.

Since the intent of the parties cannot be
determined from the plain language of the four corners, we must determine
whether the various canons of construction aid in construing the McKnight
deed.  However, the canons of
construction are not helpful in this case. 
The canons of construction lead to conflicting results, including the
following canons:  construe against the
grantor and in favor of the grantee, construe against the scrivener (in this
case the grantee), and specific clauses control over general clauses.  See Bruce M. Kramer, The Sisyphean
Task of Interpreting Mineral Deeds and Leases: 
An Encyclopedia of Canons of Construction, 24 TEX. TECH L. REV. 1
(1993).  Consequently, we agree with the
trial court that the deed is ambiguous.

                                                                        Estoppel








If the McKnight deed had not stated that the Aconveyance is made and accepted subject
to all restrictions, reservations, covenants, conditions, rights-of-way and
easements now outstanding and of record@
but merely conveyed the entire premises less the grantor=s
reservation of a full 1/8 nonparticipating royalty interest, we might agree
with the leasehold interest owners that Duhig v. Peavy-Moore Lumber Co.,
supra, and its progeny apply.  Under Duhig,
a grantor and his successors are estopped from claiming title in a reserved
fractional mineral interest when to do so would, in effect, breach the grantor=s warranty as to the title and interest
purportedly conveyed to the grantee.  See,
e.g., Blanton v. Bruce, 688 S.W.2d 908 (Tex.App. - Eastland 1985, writ ref=d n.r.e.); Jackson v. McKenney,
602 S.W.2d 124 (Tex.Civ.App. - Eastland 1980, writ ref=d
n.r.e.).  The granting clause of the deed
in Duhig purported to convey all of the land and minerals, and the
reservation clause reserved a 1/2 mineral interest in Duhig, the grantor.  However, Duhig did not own all of the
minerals.  A prior owner had also
reserved a 1/2 interest.  The supreme
court held that, even though it was Duhig=s
intent to reserve a 1/2 mineral interest for himself, he was estopped from
asserting a claim to that 1/2 mineral interest because of the prior outstanding
reservation and the deed=s
purported conveyance of all of the minerals less only a 1/2 interest.  See Duhig v. Peavy-Moore Lumber Co., supra
at 880.  In this case, however, the
McKnight deed contained an additional limiting clause stating that the
conveyance was subject to all outstanding reservations, covenants, and
restrictions.  Consequently, we hold that
Duhig does not apply and that the grantor and his successors in interest
are not estopped from claiming title to the full 1/8 royalty.

Having determined that the deed is ambiguous and
that appellees are not estopped by Duhig, we must determine whether the
trial court erred in its construction of the deed based upon the stipulated
evidence.  When a written instrument is
determined to be ambiguous, extrinsic evidence may be introduced to show the
intent of the parties.  Smith v.
Allison, 301 S.W.2d 608, 612 (Tex. 1956). 
In this case, other than the deed itself, the only evidence regarding
the intent of the parties to the McKnight deed was an affidavit that had been
filed in the county clerk=s
office.  The affidavit was made by Thomas
E. Morris, the attorney in fact for the grantee partnership in the McKnight
deed.  Morris filed the affidavit while
his partnership still owned the property, which was foreclosed upon shortly
thereafter.  Morris swore that  it was his understanding, both at the time of
the deed and the affidavit, that McKnight was to receive a full 1/8 royalty
unreduced by the previous reservations. 
The Morris affidavit was subsequently listed as a prior encumbrance in
various deeds in the leasehold interest owners=
chain of title.  There is nothing else in
the stipulations relating to the intent of the parties to the McKnight
deed.  

Based upon the stipulations before the trial
court, we must uphold the trial court=s
findings with respect to the parties=
intent.  Consequently, appellees are
entitled to their share of the full 1/8 royalty that was intended to be
reserved by McKnight.  The first and
second issues are overruled.  We need not
reach the third issue, which relates to whether the leasehold interest owners
ratified the McKnight reservation or were estopped by the inclusion in their
chain of title of deeds in which the Morris affidavit was listed as a prior
encumbrance.  TEX.R.APP.P. 47.1.

                                                                     Reformation








In their fourth issue, the leasehold interest
owners contend that the trial court erred in re-forming the McKnight deed.  Appellees did not request that the deed be
reformed.  Nothing in the pleadings or
other documents filed with the trial court indicated that appellees were
attempting to reform any deeds. 
Furthermore, the parties to the McKnight deed were not parties to this
lawsuit, nor were all of the current successors-in-interest.  Reformation was, therefore,
inappropriate.  Consequently, we sustain
the fourth issue to the extent that the trial court found and concluded that
the deed should be and has been reformed. 
However, we need not modify or reform the trial court=s judgment in this case because the
judgment does not contain any language ordering that the deed be reformed.  See In re Marriage of Edwards, 79
S.W.3d 88, 100-01 (Tex.App. - Texarkana 2002, no pet=n).  

                                                               Prejudgment
Interest

The trial court awarded appellees prejudgment
interest in the amount of $29,838.14. 
Pursuant to TEX. NAT. RES. CODE ANN. '
91.402(b) (Vernon 2001), prejudgment interest is not recoverable when
reasonable doubt exists regarding a title dispute.  Concord Oil Company v. Pennzoil Exploration
and Production Company, supra at 462-63. 
In Concord, the court explicitly stated:  AThe
Legislature has indicated very clearly in the Natural Resources Code that
prejudgment interest is not due when disputes exist between a >payor=
and a >payee= over oil and gas titles.@ 
Concord Oil Company v. Pennzoil Exploration and Production Company,
supra at 463.  The trial court=s findings and conclusions on this
issue are not supported by the record and are in conflict with Section
91.402(b).  A title dispute clearly
existed in this case, and prejudgment interest was not authorized.  Consequently, the fifth issue is sustained,
and the judgment of the trial court is modified to delete the award of
prejudgment interest. 

                                                                      Conclusion

The judgment of the trial court is modified to
delete the award of prejudgment interest; and, as modified, the judgment is
affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE 

 

January 20, 2005

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.

 











[1]Appellants are the leasehold interest owners, commonly
referred to in the industry as working interest owners.  They are Gore Oil Company d/b/a Crego
Exploration; Browning Oil Company, Inc.; The Pickens Company, Inc.; W.C.
Pickens, Jr.; and Cody Texas, L.P. 





[2]Appellees also brought suit against other owners of the
property, but those defendants settled their disputes with appellees and are
not parties to this appeal.  





[3]This dispute involves a one-eighth (1/8) nonparticipating
royalty interest and a fractional interest that is approximately a
one-sixteenth (1/16) nonparticipating royalty interest. For the ease of the
reader, these interests shall be referred to as a 1/8 and 1/16 royalty interest
except in the actual language of the deed which is the subject of this dispute.





[4]To apply Duhig to the first Asubject to@ clause
would make the second Asubject to@
reservation superfluous.  It is not clear
from the stipulation of evidence presented to the court, but it appears that
there were no other outstanding mineral interests at the time of the McKnight
deed, other than the 1/16 royalty interest.  
If this is the case, unless the clause was to guard against any unknown
reservations of record, then we would have to disregard the language of the
second Asubject to@ clause
as having no effect.  In construing a
deed, we must assume that all of the words were intended to have meaning.  If the clause was to guard against any
unknown reservations of record, then a more reasonable reading would be that
the parties intended for the Grantor to reserve the full and undiminished 1/8
royalty interest.