02-10-061-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00061-CV

 

 


 
 
 Bill Walker and Bobbye Walker
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Campuzano Enterprises, Ltd., Campuzano Investments,
 Inc., Fernando Campuzano, Francisco Campuzano, Carmen L. Campuzano, and Carrizo
 Oil & Gas, Inc.
 
 
  
 
 
 APPELLEES
 
 


 

----------

 

FROM THE 352nd
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I. 
Introduction

          In
five issues, Appellants Bill and Bobbye Walker appeal the trial court’s grant
of summary judgment.  We affirm in part and reverse and remand in part.

II. 
Factual and Procedural History

          In
October 1978, Bill Walker purchased 184.975 acres of land out of the McNary
Gibson Survey A-261 and David Smith Survey A-1442 from Jessie McGinty and the
Robert Ray McGinty Trust (the McGinty Deed).  The McGinty Deed expressly
reserved one-half of the mineral rights in the property, which reservation the
parties do not challenge.  In May 1979, Walker and his wife, Bobbye Walker,
conveyed the property to the All American Quarter Horse Ranch (AAQHR) (the
Walker Deed).  Among other exclusions, the Walker Deed contained a reservation
of one-half of the minerals.

          In
early 2004, Sharon Sue McGinty Hancock and her husband, David Hancock, held
one-half of the mineral rights under the McGinty Deed.  Appellees Fernando
Campuzano and Francisco H. Campuzano, acted as successors in interest to AAQHR
under a warranty deed dated March 31, 2004, from Francisco J. Campuzano and
Carmen L. Campuzano to Campuzano Entrerpises, Ltd. and a special warranty deed
dated December 3, 2002, from Francisco J. Campuzano and Carmen L. Campuzano to
Fernando J. Campuzano (collectively the Campuzanos).  The Hancocks and the
Campuzanos leased their mineral rights in the property to Carrizo Oil and Gas, Inc.

          In
September 2008, the Walkers filed suit against Carrizo and the Campuzanos,
claiming that they had reserved a one-half interest in the mineral rights to
the property under the Walker Deed.  The Walkers requested that the trial court
quiet title and, along with seeking attorneys’ fees, asserted claims of
conversion, unjust enrichment–constructive trust, and trespass against both
Carizzo and the Campuzanos, and fraud, fraud in the inducement, and statutory
fraud against the Campuzanos.

          In
July 2009, both Carrizo and the Campuzanos filed motions for summary judgment.  Carizzo
moved for summary judgment on all of the Walkers’ claims, contending that the
Walkers’ claims for unjust enrichment, conversion, and trespass were all
dependent upon the Walkers’ quiet-title claim.

          The
Campuzanos’ motion stated that it was seeking “final summary judgment on all
claims,” but it did not specifically address the claims for conversion, unjust
enrichment, and trespass.  The motion referenced the Walkers’ depositions, which
were attached as evidence, to support the Campuzanos’ argument that the Walkers
“are not asserting any claim based on fraud or based on any facts or
representations of Defendants.”

          In
January 2010, after a hearing, the trial court granted all defendants’ motions
for final summary judgment, and its order noted that the order disposed of “all
parties and claims and is final and appealable.”  At
the same time that it issued its order on the summary judgment, the trial court
ruled on the parties’ objections to the summary judgment evidence.  The trial
court noted that it did not consider the Walkers’ depositions in its decision
to grant summary judgment and sustained the Walkers’ objections to the use of
their depositions as summary judgment evidence.  This appeal followed.

III. 
Summary Judgment

A. 
Standard of Review

          We
review a summary judgment de novo.  Travelers Ins. Co. v. Joachim, 315
S.W.3d 860, 862 (Tex. 2010).  We consider the evidence presented in the light
most favorable to the nonmovant, crediting evidence favorable to the nonmovant
if reasonable jurors could and disregarding evidence contrary to the nonmovant
unless reasonable jurors could not.  Mann Frankfort Stein & Lipp
Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex. 2009).  We indulge
every reasonable inference and resolve any doubts in the nonmovant’s favor.  20801,
Inc. v. Parker, 249 S.W.3d 392, 399 (Tex. 2008).  A defendant who
conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim.  Frost Nat’l Bank v. Fernandez,
315 S.W.3d 494, 508 (Tex. 2010); see Tex. R. Civ. P. 166a(b), (c).

B. 
Trial Court’s Order Disposing of all Parties and Claims

          In
their first issue, the Walkers assert that the trial court erred by granting
final summary judgment as to “all parties and claims” because the summary
judgment granted more relief than the appellees requested, in that, the summary
judgment motions did not include argument or state grounds for summary judgment
on the Walkers’ conversion, trespass, or unjust enrichment causes of action
alleged against both Carrizo and the Campuzanos or on the Walkers’ claims for
fraud, fraud in the inducement, and statutory fraud against the Campuzanos.

          1. 
Applicable Law

          A
summary judgment motion must state the specific grounds on which relief is
sought and cannot be granted except on the grounds expressly presented in the
motion.  Tex. R. Civ. P. 166a(c); Johnson v. Brewer & Pritchard, P.C.,
73 S.W.3d 193, 204 (Tex. 2002); Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 912 (Tex. 1997).  The grounds in the motion are sufficiently
specific if the motion gives “fair notice” to the non-movant.  Thomas v.
Cisneros, 596 S.W.2d 313, 316 (Tex. Civ. App.—Austin 1980, writ ref’d
n.r.e.).  If summary judgment on one claim is proper, but the summary judgment
order grants more relief than the movant requests, we must reverse the summary
judgment in part and remand the claims not addressed in the summary judgment
motion. See Page v. Geller, 941 S.W.2d 101, 102 (Tex. 1997); see
also Bandera Elec. Coop., Inc. v. Gilchrist, 946 S.W.2d 336, 337 (Tex.
1997); Postive Feed, Inc. v. Guthmann, 4 S.W.3d 879, 881 (Tex.
App.—Houston [1st Dist.] 1999, no pet.).

          2. 
Campuzanos

          During
oral argument, the Campuzanos conceded that they did not brief or plead for
relief in their motion for summary judgment on the Walkers’ trespass claim.  The
record reflects that the Campuzanos’ motion does not mention or pray for relief
on the Walkers’ unjust enrichment or conversion claims.  And, though the
Campuzanos’ motion for traditional summary judgment does assert that the
Walkers’ claims were not based in fraud, the Campuznos’ have put forth no
evidence supporting this claim.  See Tex. R. Civ. P. 166a(c) (requiring
movant to show, based on evidence in the record or attached to the motion, that
traditional summary judgment is proper as a matter of law).  Therefore, we
sustain the Walkers’ first issue with respect to the Campuzanos for the claims
of fraud, trespass, unjust enrichment, and conversion.

          3. 
Carizzo

          In
its motion for summary judgment, Carizzo expressly requested “final summary
judgment on all of Plaintiff’s claims in this case” and prayed that “the [trial
c]ourt grant a final summary judgment in favor of Carizzo . . . dismissing
Plaintiff’s claims, [and] finding that the [Walker] Deed reserved no minerals
to Plaintiffs and that as a result Plaintiff’s conversion, unjust enrichment,
and trespass actions also fail.”  Carizzo’s motion provided the Walkers with
fair notice that Carizzo was seeking summary judgment on all of their claims.  See
Thomas, 596 S.W.2d at 316; Conquistador Petroleum, Inc. v. Chatham,
899 S.W.2d 439, 442 (Tex. App.—Eastland 1995, writ denied) (recognizing that
the grounds in a summary judgment motion may be stated concisely without detail
and argument); Bailey, Vaught, Robertson, & Co. v. Remington Invs., Inc.,
888 S.W.2d 860, 868 (Tex. App.—Dallas 1994, no writ) (noting that rule 166a
does not require that a movant cite legal authority in its motion for summary
judgment).  Accordingly, we conclude that the trial court did not err by
rendering final judgment on all parties and claims with respect to Carizzo.  We
overrule the Walkers’ first issue with respect to Carizzo.

C. 
Mineral Rights

          In
their second issue, the Walkers argue that the trial court erred by failing to
find the deed ambiguous with respect to the mineral conveyance.  Carizzo argues
that the Duhig rule estops the Walkers from asserting any right in the
minerals on the property because doing so would breach their warranty in the
deed.  We agree.

          1. 
The Walker Deed

          Relevant
portions of the Walker Deed are as follows:

          That Bill
J. Walker [and] Bobbye Walker, . . . . have GRANTED, SOLD, AND CONVEYED, . . .
unto the ALL AMERICAN QUARTER HORSE RANCH, . . . all of the following described
real property in Tarrant County, Texas to wit:

 

          Being a
tract or parcel of land lying . . . more fully described in Exhibit “A”
attached hereto and incorporated herein by reference.[2]

 

          THIS
CONVEYANCE IS MADE AND ACCEPTED SUBJECT TO CONDITIONS AND RESTRICTIONS
APPEARING OF record . . . as referred to in Deed recorded in Volume 4789, Page
470 of the deed Records of Tarrant County, Texas.[3]

 

          . . . . 

 

SAVE AND EXCEPT, and
there is hereby reserved one-half (1/2) of all oil, gas and other minerals in
and under said land, together with the right of ingress and egress for mining,
reserved under Jessie McGinty, Republic National Bank of Dallas, W.E. McGinty,
Co-Trustee of the Robert Ray McGinty Trust, in Deed to Bill J. Walker dated
October 26, 1978, recorded in Volume 6616, Page 460 of the Deed Records of
Tarrant County, Texas.

 

          . . . .

 

          TO HAVE AND
TO HOLD the above described premises, together with all and singularly the
rights and appurtenances thereto in anywise belonging unto the said grantee,
ITS SUCCESSORS, heirs and assigns forever, and we do hereby bind ourselves, our
heirs, executors and administrators to WARRANT AND FOREVER DEFEND all and
singular the said premises unto the said grantee, its SUCCESSORS, heirs and
assigns, against every person whomsoever lawfully claiming or to claim the same
or any part thereof.[4]

 

                   a. 
Duhig

          In
Duhig v. Peavy-Moore Lumber Co., Inc., the deed conveying the Josiah
Jordan Survey of 574 3/8 acres to W.J. Duhig reserved an undivided one-half of
the minerals under the survey.  135 Tex. 503, 144 S.W.2d 878, 879 (1940). 
Later, Duhig conveyed the same survey to the predecessors in title of
Peavy-Moore Lumber Company, and in this deed no mention was made of the prior
reservation of one-half of the minerals.  Id., 144 S.W.2d at 879.  Duhig’s
deed purported to reserve an undivided one-half of the minerals in the Jordan
Survey, and it purported to convey to the grantee the other half interest in
the minerals, which interest had been reserved by Duhig’s grantor.  Id.
at 506–07, 144 S.W.2d at 879–80.  The Texas Supreme Court stated,

[w]hen the deed is so
interpreted the warranty is breached at the very time of the execution and
delivery of the deed, for the deed warrants the title to the surface estate and
also to an undivided one-half interest in the minerals.  The result is that the
grantor has breached his warranty, but that he has and holds in virtue of the
deed containing the warranty the very interest, one-half of the minerals,
required to remedy the breach.

 

          . . . . 

 

          The
decision here made assumes, as has been stated, that Duhig by the deed reserved
for himself a one-half interest in the minerals.  The covenant is not construed
as affecting or impairing the title so reserved.  It operates as an estoppel
denying to the grantor and those claiming under him the right to set up such
title against the grantee and those who claim under it.

 

Id. at
507–08, 144 S.W.2d at 880–881.  Duhig applied the estoppel principle of
the after-acquired title cases.  Forrest v. Hanson, 424 S.W.2d 899, 904
(Tex. 1968).  Thus, if a party attempts to claim an interest that he purported
to convey, he is in effect denying a fact represented by his conveyance, and
the Duhig doctrine works an estoppel.  Id.

                   b. 
Analysis

          Assuming
without deciding that the Walker Deed effectively reserves a mineral interest
in the Walkers as they assert, Duhig estops the Walkers from claiming
any interest in the mineral estate of the land conveyed to AAQHR.  See Duhig,
144 S.W.2d at 878.  In relevant part, the Walker Deed unambiguously conveys a
fee simple subject to restrictions contained in a deed recorded on page 470 of
Tarrant County land record volume 4789, a reservation of a one-half mineral
interest, and a right of ingress and egress.  While the deed on page 470 of
volume 4789 referenced in the granting clause is not in the record, the McGinty
Deed is in the record and reflects that it is filed on page 460 of volume 6616
of the Deed Record of Tarrant County and that it was filed on November 9,
1978—fourteen days after it was signed on October 26, 1978.  Therefore, the
McGinty Deed is not the deed referenced in the granting clause at page 470 of
volume 4789 and, other than the language reserving the right of ingress and
egress, there is no mention of the McGinty Deed or its prior reservation of
one-half of the mineral estate.  Thus, we conclude that the Walker Deed
warrants that it excludes only one-half of the mineral interests from the fee
simple estate it conveys.  See Tex. Prop. Code Ann. § 5.001(a)
(Vernon 2004) (“An estate in land that is conveyed or devised is a fee simple
unless the estate is limited by express words . . . .”); Duhig, 135 Tex.
at 507, 144 S.W.2d at 880 (noting that a deed warrants title to the surface
estate and a one-half undivided interest in the minerals when the deed’s
granting clause purports to convey a fee simple, the covenant warrants title to
“the said premises,” and the deed reserves a one-half interest in the mineral
estate).

          Applying
the rules and principles of law expressed in Duhig, we conclude that the
Walkers breached their warranty at the very time of the execution and delivery
of the deed to AAQHR, for the deed warrants the title to the surface estate and
to an undivided one-half interest in the minerals.  Duhig, 135 Tex. at
507, 144 S.W.2d at 880.  The Walkers thereby purported to convey to AAQHR an
undivided one-half interest at a time when they owned exactly a one-half
interest.  Under Duhig, AAQHR and its successors and assigns are
entitled to all of the Walkers’ reserved interest.  We overrule the Walkers’
second issue.[5]

IV. 
Conclusion

          Having
overruled the Walkers’ second issue and that portion of their first issue with
respect to all claims against Carizzo, we affirm the trial court’s judgment
with respect to those issues.  Having sustained the Walkers’ first issue with
respect to the claims of fraud, unjust enrichment, trespass, and conversion
against the Campuzanos, we reverse that portion of the trial court’s judgment
pertaining to those issues and remand to the trial court for further
proceedings.

 

 

BOB MCCOY
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MCCOY, JJ.

 

DELIVERED:  March 17, 2011









[1]See Tex. R. App. P. 47.4.





[2]Exhibit “A” is a metes and
bounds land description with no exceptions or exclusions contained therein.





[3]A copy of this deed is not
in the record.





[4]The warranty clause
contains two exceptions reserving the Walkers’ rights in the vendor’s lien and
superior title to the property until full payment of the note.





[5]Because the Walkers’
remaining claims depend upon their having an interest in the property, we need
not reach them.  See Tex. R. App. P. 47.1.