

# IN THE
## TENTH COURT OF APPEALS

### No. 10-09-00223-CV

**FRANK WOLFE, JR. AND LLANO ROYALTY, LTD,**

            **Appellants**

**v.**

**DEVON ENERGY PRODUCTION COMPANY, LP, BARBARA JEAN GIESER POYNTER 2004 REVOCABLE MANAGEMENT TRUST, GRAYSON MATTHEW GIESER AND LAURA LEIGH GIESER,**

            **Appellees**

---

**From the 413th District Court
Johnson County, Texas
Trial Court No. C200600230**

---

## CONCURRING NOTE

---

At its core, this is a trespass to try title suit. Devon and Gieser have asserted a claim to certain mineral interest, as have Wolfe and Llano. This appeal is a veritable minefield of procedural problems and issues that, if not properly reconciled, can potentially lead to internally inconsistent results and, thus, cause major problems for the trial court and parties on remand.

While the Court has systematically resolved the issues raised, my fear is that we have not fully addressed and resolved the core issue. This issue is, according to Wolfe, and as stated on page 37 of the opinion: "We must decide whether the TAB Deed of Trust is ambiguous." The remaining issues cascade down from the answer to this question – depending on the answer.

If it is ambiguous, does the summary judgment procedure allow for its interpretation by the trial court? This will depend upon the aids to interpretation and evidence of the related transactions. If it is not ambiguous, or if subsequent transactions can be construed to properly have renewed and extended the original note and security for that note, especially the Vendors Lien and Newman Deed of Trust, the next question will be whether the Newman Deed of Trust was foreclosed upon, and if not, can it be now.

There is no need for me to fully resolve these issues, if I could, in this note because the Court has approached and resolved the appeal in a different manner; thus, I am left to concur or dissent. But in this instance, I felt it necessary to add a few comments rather than an opinion in full or simply noting overall agreement or disagreement with the Court's opinion and judgment.

### STANDING AND CAPACITY

In a trespass to try title case there will frequently be a question of whether a party owns any interest in the property. If the evidence establishes that the party has no interest in the property, it could be said that they have no standing. That is one reason why, I believe, judgments in trespass to try title cases must make determinations

of who owns the property interest in dispute. *See* TEX. R. CIV. P. 804. In this proceeding, there really does not seem to be a question, from a purely legal point-of-view, that Wolfe has standing to assert his claim of title, and derivatively, so also would Llano have standing, at least for a damages claim, if Wolfe has title. *See* TEX. R. CIV. P. 805. This is the merits of the case — the trespass-to-try-title case. I will come back to this in a moment.

I believe, however, that in this proceeding part of the difficulty is that there is a serious question about whether Wolfe has the right to recover in the capacity in which he has brought suit. Capacity is frequently confused with standing. *See, e.g. Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845 (Tex. 2005); *Mariner Health Care of Nashville, Inc. v. Robins*, 321 S.W.3d 193, 199-201 (Tex. App.—Houston [1st Dist.] 2010, no pet.) When I boil this part of the proceeding down to the issues as presented, I would find Wolfe, and via Wolfe's interest also Llano, has standing to litigate the trespass to try title suit. Because no one has properly raised by sworn denial the question of whether Wolfe can recover in the capacity in which he has brought the claim, I will not address that issue. But I will note the question is whether he can recover in his capacity as an unnamed beneficiary of an unwritten trust.

I must also note that I believe there may be a question of standing that is collateral to the capacity issue. That question is whether Devon and Gieser have standing to challenge Wolfe's capacity as a beneficiary, or whether that is only a question that can be raised in an action between the alleged trustee and the alleged beneficiary, or their respective assignees.

And, finally, I have some concerns about how Llano could have standing to assert a claim of an interest which is dependent on Wolfe's claim, but which Wolfe cannot assert. In this regard I believe the objection to the summary judgment evidence that was sustained, and which evidence was not available for Wolfe to use against Devon, was thus also not available for Wolfe to use against the Giesers because the evidence was *excluded* as a result of Devon's objection. There was nothing else for Gieser to preserve or do to keep Wolfe, and, more importantly, the judgment, from being dependent on the evidence to which an objection had been sustained. This is not like a party that makes an objection to evidence, the objection is overruled, and thus the evidence is admitted. The party that made the objection has preserved a complaint. A co-party that did not object has not preserved a complaint because the evidence remains before the fact finder. Here, however, because the objection was sustained, there is no evidence available upon which Wolfe can rely. It was then not Gieser's duty to further preserve a complaint. As the complaining party, it was Llano's burden to preserve the complaint.

Most of the foregoing discussion relates to part III of the opinion.

### TRESPASS TO TRY TITLE

I now return to the trespass to try title suit. *See* TEX. R. CIV. P. "SECTION 8. TRESPASS TO TRY TITLE." As previously stated, this suit, at its core, is a trespass to try title. To prevail on a trespass to try title claim, the party must prove and thus prevail on the strength of its own title and not by establishing a weakness in the opponent's claim.

*Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004). In this regard, Wolfe has endeavored to identify a common source of title: F.W. and Eva Smith.

Wolfe then endeavors to prove his title through various conveyances and then an undocumented trust. In the process he must establish that the alleged trustee of the unrecorded trust, Morfeld, did not transfer all the interest Morfeld held as trustee to ABC Utilities. This is where the fact that this is a trespass to try title suit rather than simply a declaratory judgment suit to construe the note, collateral, and foreclosure documents is critical.

As presented by Wolfe, all we need to do is determine whether Summit could foreclose on the Smith deed of trust and, if so, did Summit properly foreclose on that interest. Wolfe's presentation misses two critical aspects of a trespass to try title suit. First, Hedrick and Little executed an oil and gas lease to Richman Petroleum Corporation and its assigns, none of which are parties to this suit. If Summit properly foreclosed on the original note, it wipes out not only Wolfe's interest, but also the interest conveyed to Hedrick and Little, and therefore their lease and assigns as well.

The majority refers to this problem, the absence of necessary parties, in footnote 2 in their opinion. Respectfully, I believe this issue could be one of those rare instances in which the absence of a necessary party *may* prohibit the prosecution of the suit. *But see* TEX. R. CIV. P. 801. I would request full briefing on that issue and await the time with patience until we receive an answer from the parties.

I will make one further observation about the no evidence summary judgment motion as utilized in this proceeding. The motion asserted Wolfe had no standing to

assert an interest to the oil and gas interests in controversy. Standing is not an element of a claim. It is a jurisdictional underpinning of a suit and can be challenged at any time. Thus, I question whether a no evidence motion for summary judgment, and the resulting procedural requirements, provides a proper procedural vehicle to raise and resolve this issue. *See* TEX. R. CIV. P. 166a(i) ("… may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense ….").

There is one other issue regarding Wolfe's title, the resolution of which rests in the interest that Morfeld conveyed to ABC Utilities. It is uncontroverted that Summit properly foreclosed on whatever interest Morfeld conveyed to ABC Utilities. Thus, a closer examination of that deed is warranted in this trespass to try title proceeding.

The deed from Morfeld to ABC Utilities, on its face, is clear as to the interest conveyed. It conveys the surface estate and one-half of the minerals. It purports to reserve only one-half of the minerals. There is no other reservation or exception to the conveyance that would impact the mineral interest. There is, in the habendum clause, an insert that purports to make the conveyance "subject to" various interests, including "restrictions, reservations, covenants, conditions, rights of way, easements, …. if any, affecting the herein described property."

Only if this "subject to" language is adequate to carve out the previous reservation of one-half of the mineral interest in the deed from Hedrick and Little to Morfeld from the "herein described property" does the effort to reserve one-half the

minerals not fail under the *Duhig* Doctrine for interpreting oil and gas conveyances. *Duhig v. Peevey*, 144 S.W.2d 878 (Tex. 1940).

With these comments, I respectfully concur in the decision to remand this proceeding to the trial court without joining the opinion or judgment of the Court.


TOM GRAY
Chief Justice

Concurring note issued and filed March 14, 2012