**Opinion filed August 17, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00154-CV

_____

**ECHOLS MINERALS, LLC; TOC HOLDINGS, LLC; GULF WIND RESOURCES, LLC; ASRO MANAGEMENT, LLP; DAVID WEAVER ECHOLS; ROY LEE TODD; NANCY K. CARTER; CATHY L. HUTCHESON; DOUGLAS KIT NELSON; LEE KEITH TILTON; TERRA SHAMARI CONE; DANIEL ELI DENNISON; JOSHUA MARTIN RUDIN; CEILIA KAISER; AND KIMBERLY LACANNE, Appellants**

**V.**

**DONALD MAC GREEN, TRUSTEE OF THE DONALD AND BETTY LOU IRREVOCABLE TRUST, AND INDEPENDENT EXECUTOR OF THE ESTATE OF BETTY LOU GREEN; AND FORTIS MINERALS II, LLC, Appellees**

**On Appeal from the 118th District Court**
**Martin County, Texas**
**Trial Court Cause No. 7505**

# CONCURRING OPINION

I would construe the 1952 NPRI deed and the 1952 guardian deed together under *Rieder v. Woods*, 603 S.W.3d 86, 94 (Tex. 2020); *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000); *Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex. 1981); and *Veal v. Thomason*, 159 S.W.2d 472, 475 (Tex. 1942). Because I would construe the two deeds together, I would not conclude that the 1952 NPRI deed has a "*Duhig* Problem." *See Duhig v. Peavy-Moore Lumber Co.*, 144 S.W.2d 878 (Tex. 1940).

However, I agree with the majority that, under *Trial v. Dragon*, 593 S.W.3d 313 (Tex. 2019), *Duhig's* remedy is not available here. Under the circumstances presented in this case, the trial court erred by invalidating the 33.25/278.5 NPRI reservation under *Duhig* and *Dragon*. *See Duhig*, 144 S.W.2d at 879–880; *Dragon*, 593 S.W.3d at 319. Accordingly, I concur with the majority that the final judgment of the trial court should be reversed and remanded.

W. BRUCE WILLIAMS
JUSTICE

August 17, 2023

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

2